United States District Court
Southern District of Texas
**ENTERED**
February 10, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEXTER KENNON KOSSIE, <br> TDCJ #700661, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-17-0132 |

## MEMORANDUM OPINION AND ORDER

State inmate Lexter Kennon Kossie (TDCJ #700661) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), challenging a state court conviction that was entered against him in 1990. After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court will dismiss this case for the reasons explained below.

### I. Background

On June 13, 1990, Kossie was convicted after pleading guilty to charges of attempted arson in Harris County cause number 546166.[1] The 208th District Court of Harris County, Texas,

---

[1] Petition, Docket Entry No. 1, pp. 2, 9.

sentenced Kossie to serve one year in the Harris County Jail in that case.[2] Kossie did not pursue an appeal.[3]

Several years later, Kossie was convicted of aggravated robbery and sentenced to life imprisonment.[4] See Kossie v. State, No. 14-94-01171-CR, 1997 WL 109996 (Tex. App. — Houston [14th Dist.] March 13, 1997, no pet.). He remains in custody pursuant to this sentence.[5]

In 2015 Kossie filed a state application for a writ of habeas corpus to challenge his conviction for attempted arson in cause number 546166, arguing that the trial court lacked subject-matter jurisdiction over his case, rendering his conviction and sentence "void."[6] The Texas Court of Criminal Appeals denied that application on November 25, 2015.[7]

On December 28, 2016, Kossie executed the pending Petition, seeking federal habeas corpus relief from his attempted arson conviction under 28 U.S.C. § 2254.[8] Kossie contends that he is entitled to relief for the following reasons: (1) the trial court

---

[2]Id. at 2.

[3]Id. at 3.

[4]Id. at 4.

[5]See Offender Information Details, Texas Department of Criminal Justice, at http://offender.tdcj.texas.gov (last visited February 10, 2017).

[6]Petition, Docket Entry No. 1, pp. 3-4.

[7]Id. at 4.

[8]Id. at 10.

was without jurisdiction to render a judgment because his indictment was fatally defective; (2) due to defects in the indictment his guilty plea was involuntarily and unknowingly made because he "did not receive real notice of the true nature of the charge against him"; and (3) he was denied effective assistance of counsel because his defense attorney failed to object to defects in the charging instrument.[9]

## II. Discussion

Because the one-year jail sentence that Kossie received for attempted arson in 1990 discharged no later than 1991, the writ of habeas corpus is not available to review this conviction. See Maleng v. Cook, 109 S. Ct. 1923, 1925 (1989) (citing Carafas v. LaVallee, 88 S. Ct. 1556, 1560 (1968) (explaining that a habeas petitioner must be "in custody" under the challenged conviction or sentence at the time his petition is filed). This is true even if his prior conviction for attempted arson was used to enhance the life sentence that Kossie is currently serving. See Maleng, 109 S. Ct. at 1926; see also Lackawanna County Dist. Attorney v. Coss, 121 S. Ct. 1567, 1574 (2001) (holding that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid").

---

[9] Id. at 6-7.

Alternatively, the Petition must be dismissed because it is plainly barred by the governing one-year statute of limitations on federal habeas corpus review. According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because the pending Petition was filed well after April 24, 1996, the one-year limitations period clearly applies. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citation omitted).

Kossie entered a guilty plea to the attempted arson charge in cause number 546166 on June 13, 1990, and he did not pursue a direct appeal. Under these circumstances Kossie's conviction became final and the statute of limitations began to run pursuant to § 2244(d)(1)(A) when his time to pursue direct review expired shortly after he entered his guilty plea. Habeas petitioners whose convictions became final before the AEDPA's effective date on April 24, 1996, were afforded a one-year grace period to file their claims for relief in federal court. See United States v. Flores, 135 F.3d 1000, 1004 (5th Cir. 1998) (discussing a habeas corpus application filed under 28 U.S.C. § 2255). Therefore, Kossie had until April 24, 1997, to file a federal habeas action with respect to his attempted arson conviction. See Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999) (citation omitted). Even with this extension of time, the pending Petition, executed on December 28, 2016, is late by nearly twenty years.

Kossie concedes that his Petition is untimely.[10] As grounds for tolling the statute of limitations, Kossie explains that he delayed seeking relief because he did not receive a copy of his indictment until 2014.[11] A habeas petitioner may be entitled to statutory tolling where the factual predicate of his claim could not have been discovered previously through the exercise of due

---

[10] Petition, Docket Entry No. 1, p. 9.

[11] Id.

diligence. See 28 U.S.C. § 2244(d)(1)(D). Because the factual predicate of Kossie's claims could easily have been discovered in 1990, when the challenged conviction was entered, Kossie fails to show that he is entitled to tolling under § 2244(d)(1)(D). Kossie has not established that tolling is warranted for any other statutory or equitable reason. Accordingly, the Petition is subject to dismissal as untimely under 28 U.S.C. § 2244(d)(1).

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, <u>sua sponte</u>, without requiring further briefing or argument. See <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV.  Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Lexter Kennon Kossie (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 10th day of February, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE